White, J.
The distinction between legal and equitable rights exists in the subjects to which they relate, and is not affected by the form or mode of procedure that may be prescribed for their enforcement. The code abolished the distinction between actions at law and suits in equity, and substituted in their place one form of action; yet, the rights and liabilities of parties, legal and equitable, as distinguished from the mode of procedure, remain the same since, as before, the adoption of the code. Dixon, the defendant below, is the legal owner of the land in controversy, as patentee. This is conceded by Caldwell, the plaintiff below, but, he claims to be the equitable owner, and that Dixon is his trustee, and, as such, in equity, bound to account for the proceeds of the portion of the land sold, and surrender the remainder.
’ There is no pretense of an express trust; nor is it claimed that the defendant acquired the property in fraud or by other unfair means. The property, therefore, having been fairly acquired, before a constructive trust can be raised in equity, and fastened upon the defendant, so as to convert him into a trustee for the plaintiff, the circumstances of the transaction must appear to be such, that it would be violating some principle of equity, to allow the defendant to retain the legal title to the land for his own benefit.
The controversy here is not solely in regard to the land warrant. The legal titles to that was clearly vested in the *416 plaintiff, and for its conversion he has a plain legal remedy against the defendant for its value; and, before it was lost in entering the land, for its recovery in specie
The question is, whether, in the light of equity, the measure of legal relief is to be regarded as inadequate; and the defendant required, by a court of equity, to surrender the land to which he acquired the legal title in good faith, and, as he supposed, for his own benefit, by the combined use of the warrant and his own means, industry and enterprise.
The defendant claims to be a dona fide purchaser of the land in controversy for value, without notice of the plaintiff’s rights; and relies for his defense upon the rules of equity for the protection of such purchasers.
The land warrant in question was assignable in law, was in the possession and apparent ownership of the vendor, and the assignment was regular in form. The defect in the vend- or’s title was not apparent, and there was no reasonable ground for suspicion that the assignment had been forged. The defendant purchased and paid full value for the warrant, and is not chargeable with a want of reasonable diligence in so doing. Having no reason to suspect the existence of the plaintiff’s title to the warrant, he was, in equity and good conscience, chargeable with no duty toward him in relation to its future use. If he withheld it from entry he would have been liable to return it to the plaintiff, or pay him its value. The good faith of his purchase would haye been no answer to the plaintiff’s legal demand. After the location of the warrant, the holder of the legal title thereof acquired an equity in the land upon which the location was made; and before the defendant clothed himself with the legal title, and while the equities were open between the parties, Caldwell’s equity, being older in time, would have been better in right. But Dixon, unaffected with fraud or notice, and upon a valuable consideration paid, having obtained the legal title to the land in controversy, brings himself within the protection awarded in equity to the holder of the legal estate.
A court of equity, says Sugden in his Treatise on Vendors, *417 (vol. 3, side p. 417), acts upon the conscience, and as it is impossible to attach any demand upon the conscience of a man who has purchased for a valuable consideration, bona fide, and without notice of any claim on 'the estate, such a man is entitled to the peculiar favor and protection of a court of equity.
Where a court of equity can not deal directly with the thing which is the subject matter in controversy, but has to reach it through the consciences of the parties, its jurisdiction is necessarily limited to enforcing the fulfillment of their equitable obligations, and can not extend to compelling the relinquishment of any right or the abandonment of any interest which can be retained consistently with equity and good conscience.
This principle applies especially where the aid of a court of chancery is sought to enforce the surrender of an estate in land. As in such case, the court can only act on the land, through the medium of the parties, it must first inquire whether the party against whom its assistance is sought, is conscientiously bound to comply with the demand urged against him, for if he be not, the case will fall without the scope of a jurisdiction which is founded upon the obligations of conscience. See notes of the American editor to Basset v. Nosworthy, 2 Lead. Cas. in Eq. pp. 67, 68, and the authorities there cited. Mitford’s Eq. Plead., side p. 135; Cottrell v. Hughes, 29 Eng. L. & Eq. R. 358; S. C. 80 Eng. C. L. R. 556; Wallwyn v. Lee, 9 Ves. Jr. side p. 25; Gibler et al. v. Trimble, 14 Ohio Rep. 340.
In Jones v. Powles (3 Myl. & Keen, 581), the equitable title of the purchaser who had got in the legal estate, depended upon a forged will, and he was held entitled to the protection of the court. In this case a person advanced money upon the mortgage of an estate, which the mortgagor claimed under a will, which ultimately turned out to be forged, and got a conveyance of the legal estate, which was outstanding, in a mortgagee whose debt had been satisfied. On a bill filed by the heiress-at-law, it was held, by Sir John Leach, M. R., that the mortgagee, being a purchaser without notice of the plaintiff’s title, could protect herself by the legal estate. The *418 court observed, that its impression at the opening of tbe case was, that tbe protection of tbe legal estate extended only to cases where the title of the purchaser for valuable consideration without notice, was impeached by reason of some secret act or matter done by the vendor, or those under whom he claimed; but upon full consideration of all the authorities and the dicta of judges and text writers, and the principles upon which the rule is grounded, the court was of opinion that the protection of the legal estate was to be extended not merely to cases in which the title of the purchaser for valuable, consideration without notice is impeached by reason of some secret act done, but also to cases in which it is impeached by reason of the falsehood of a fact of title asserted by the vendor, or those under whom he claims, where such asserted title is clothed with possession, and the falsehood of the fact asserted could not have been detected by reasonable diligence. 2 Lead. Cas. in Eq. side p. 7. This case is approved by Mr. Sugden in his treatise already cited, p. 417, and is founded upon clear principles of equity; although they would not, here, be applicable to the case of a satisfied mortgage.
It is not deemed necessary to examine in detail, in this opinion, the authorities relied on by the counsel of the defendant in error. Where the benefit of the rule has been denied, the party was found to be affected, with notice; and, as we have already stated, it is indispensable for the party holding the legal'title, and seeking protection in equity, to show that he is a purchaser for a valuable consideration; that his purchase was in all respects fair, and free from every kind of fraud; and that at the time of his purchase he was not chargeable with notice of the adverse claim.
The conclusion, therefore, at which we have arrived, is, that Dixon can not be required to surrender the legal title of the unsold land to the plaintiff below, nor to account for the proceeds of the part sold; and that the court erred, in requiring him to do so. But, as before stated, he is under a clear legal liability for the value of the warrant. The judgment of the district court, and of the court of common pleas, is therefore *419 reversed, and the cause remanded to the common pleas for further proceedings.
Brinkerhoee, C.J., and Scott, Day, and Welch, JJ., concurred.